UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE HURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-101 RLW |
| | ) | |
| AMERICAN COLLEGE DICTIONARY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Tyrone Hurt for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action on the basis of improper venue.

**The Complaint**

Plaintiff is a pro se litigant who currently resides in the District of Columbia. He brings this civil action against the American College Dictionary[1], the International Criminal Court[2], the International Court of Justice[3], the International Peace Court[4], the United States of America, the District of Columbia Board of Parole and the United States Parole Commission. Plaintiff asserts

---

[1] The American College Dictionary was the first Random House dictionary and was later expanded to create the Random House Dictionary of the English Language. It was first published in 1947. Plaintiff has not made any claims in his complaint against this defendant.

[2] The International Criminal Court is an intergovernmental organization that sits in The Hague, Netherlands. It has jurisdiction to prosecute individuals for the international crimes of genocide, crimes against humanity, war crimes and crimes of aggression. Plaintiff has not made any claims against this defendant in his complaint.

[3] The International Court of Justice, oftentimes referred to as the World Court, is the judicial branch of the United Nations. It is located in the Peace Palace in The Hague, Netherlands. It gives advisory opinions on international legal issues referred to it by the United Nations

[4] The Court believes plaintiff is referring to the Peace Palace in The Hague, Netherlands. The International Court of Justice is located in the Peace Palace.

that the Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1330-1332, 42 U.S.C. § 1975, 18 U.S.C. § 3006A, and the Fourth and Eighth Amendments to the United States Constitution.

Plaintiff's brief "Statement of Claim" is only partially legible. However, it appears that plaintiff is asserting that he believes it is illegal for the District of Columbia Court Services and Offender Supervision Agency to require him to report to lifetime supervision.

**Discussion**

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

Plaintiff has not alleged any basis for venue being proper in this Court. Plaintiff resides in the District of Columbia. Moreover, there is absolutely no indication that any part of the events or omissions giving rise to this claim occurred in the Eastern District of Missouri. In short, none of the requirements of § 1391 are present in this case. Therefore, venue in the Eastern District of Missouri is not proper.

As noted above, if venue is improper, the Court may either dismiss the action or, if it is in the interest of justice, transfer the case to the district in which it could have been brought. Here, it is not in the interest of justice to transfer this case to the District of Columbia.

Review of plaintiff's federal court filings indicate that he has filed hundreds of cases in district courts across the United States. *See Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (W.D. Ky. March 22, 2017) (noting that instant case was "not the first time Hurt has brought in this Court a disjointed complaint with no connection to this jurisdiction, and, in fact, Hurt has a pattern of doing so in courts across the country"); and *Hurt v. D.C. Board of Parole, et al.*, No. 1:13-cv-5365-LAP (S.D.N.Y. Oct. 11, 2013) (noting that plaintiff has "filed hundreds of lawsuits around the country that [have] been dismissed as frivolous"). Plaintiff's propensity for filing multiple, frivolous lawsuits has subjected him to prefiling injunctions in numerous federal courts. *See Hurt v. Nat'l Museum of African-American History & Culture*, No. 5:17-cv-97-H (E.D.N.C. May 30, 2017) (collecting cases). Indeed, plaintiff has been barred from proceeding in forma pauperis in the United States District Court for the District of Columbia. *Hurt v. United States*, No. 1:19-cv-2785-UNA (D.D.C. Oct. 8, 2019). He has also been barred from proceeding in forma pauperis on appeal in the United States Court of Appeals for the District of Columbia Circuit. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008) (per curiam).

Here, venue is proper in the United States District Court for the District of Columbia. However, as discussed above, plaintiff is barred from filing an action in forma pauperis in that district. As such, transfer of this case to the District of Columbia would be pointless. Therefore, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of proper venue. *See* 28 U.S.C. § 1406(a). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of February, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE